IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KOPCHINSKI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-6695 |
| | : | |
| OFFICER RAYMOND GREEN, et al. | : | |

### MEMORANDUM

**Juan R. Sánchez, J.**                                                                                         **August 2, 2006**

Defendants move for summary judgment on Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims. I will grant their motion because only Plaintiff's Fourth Amendment cause of action for unlawful arrest against the individual police officers raises a genuine issue of material fact.[1]

Michael Kopchinski brought his constitutional claims pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Kopchinski's Complaint alleges Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and Defendants moved for summary

---

[1] The City of Philadelphia moves for summary judgment on all of Plaintiff's 42 U.S.C. § 1983 claims against it, arguing Plaintiff had adduced no evidence the City caused the constitutional injuries of which Kopchinski now complains. Additionally, Police Commissioner Sylvester Johnson requests summary judgment be granted in his favor because Plaintiff's 42 U.S.C. § 1983 constitutional claims against him, in both his official and individual capacities, are factually unsupported. Plaintiff expressly states in his response to Defendants' motion that he offers no argument on these issues. I will grant summary judgment in favor of the City and Commissioner Johnson on all of the federal constitutional causes of action asserted against them because there is a complete dearth of factual support for these claims.

judgment on all constitutional claims except the Fourth Amendment one.  In opposition to Defendants' motion, Plaintiff argues that when he "was viciously beat . . . , he was clearly deprived of his life and liberty without due process of law because in fact, the offending officers had taken it upon themselves to inflict their own sense of justice."  (Pl.'s Resp. 11.)  There is no evidence Kopchinski was deprived of his life, so this argument is factually flawed.  Regardless, Defendants are entitled to summary judgment on Kopchinski's Fifth Amendment claim because the Fifth Amendment's due process clause only applies to actions by the federal government.  *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54-55 (3d Cir. 1983) (citing *Pub. Util. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)).  Here, state, not federal, actors arrested Kopchinski, so his Fifth Amendment claim cannot survive summary judgment.

Kopchinski's Fourteenth Amendment due process claim fares no better because the Supreme Court has held "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the mere generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotations omitted).  Here, the undisputed facts reveal Kopchinski was arrested – an act he claims was accomplished with excessive force.  "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham*, 490 U.S. at 394.  "Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . ." *Id.*  Simply put, the Fourth Amendment, not the Fourteenth, is implicated on the facts giving rise to Kopchinski's lawsuit, so Defendants are entitled to summary judgment on

Plaintiff's Fourteenth Amendment claim.

Kopchinski's Eighth Amendment claim also fails because it is factually unsupported under the governing law. In response to Defendants' motion, Plaintiff argues he was subjected to cruel and unusual punishment when he was arrested. (Pl.'s Resp. 12.) The clause prohibiting cruel and unusual punishment, though, "was designed to protect those convicted of crimes" – not those who are arrested. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). More precisely, the protections of this Amendment "d[o] not attach until after conviction and sentence." *Graham*, 490 U.S. at 392 (citing *Ingraham*, 430 U.S. at 671 n.40). Kopchinski's response asserts he was ultimately convicted of receiving stolen property, but there is no evidence concerning Defendants' conduct toward Kopchinski after he was convicted. Without any factual support for Kopchinski's Eighth Amendment claim, I am compelled to enter judgment in favor of the Defendants on this count.

An appropriate Order follows.